UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ORG LLUCH SALVADO, S.A.,

        Plaintiff(s),

   v.

DENDREON CORPORATION, et al.,

        Defendant(s).

CASE NO. 2:11−cv−00039−RAJ

MINUTE ORDER REGARDING
INITIAL DISCLOSURE,
JOINT STATUS REPORT, and
EARLY SETTLEMENT

**I. Initial Scheduling Dates**

    Pursuant to the December 1, 2000 revisions to the Federal Rules of Civil Procedure, the Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

    Deadline for FRCP 26(f) conference.................................... 03/18/2011
    Initial Disclosure Pursuant to FRCP 26(a)(1)........................ 03/25/2011
    Combined Joint Status Report and Discovery Plan as
    Required by FRCP 26(f), and Local Rule CR 16................... 04/01/2011

    If this case involves claims that are exempt from the requirements of FRCP 26(a) and (f), please notify Victoria Ericksen by telephone at (206) 370−8517.

## II. Joint Status Report and Discovery Plan

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **04/01/2011**. This conference shall be done by direct and personal communication, whether that be a face−to−face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.
2. A statement of which ADR method (mediation, arbitration, or other) should be used. The alternatives are described in Local Rule CR 39.1. If the parties believe there should be no ADR, the reasons for that belief should be stated.
3. Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place. In most cases, the ADR proceeding should be held within four months after the Report is filed. It may be resumed, if necessary, after the first session.
4. A proposed deadline for joining additional parties.
5. A proposed discovery plan that indicates:
   A. The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;
   B. The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
   C. What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed;
   D. A statement of how discovery will be managed so as to minimize expense (e.g., by foregoing or limiting depositions, exchanging documents informally, etc.); and
   E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

6. The date by which the remainder of discovery can be completed.

7. Whether the parties agree that a full–time Magistrate Judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13. The Magistrate Judge who would be assigned to this case is Judge Mary Alice Theiler. Agreement in the Report will constitute the parties' consent to referral of the case to the assigned Magistrate Judge.

8. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

9. Whether the pretrial statements and pretrial order called for by Local Rules CR 16 (e), (h), (i), and (1), and 16.1 should be dispensed of in whole or in part for the sake of economy.

10. Any other suggestions for shortening or simplifying the case.

11. The date the case will be ready for trial.

12. Whether the trial will be jury or non–jury.

13. The total number of trial days required.

14. The names, addresses, telephone numbers, and email addresses of all trial counsel.

15. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for plaintiff shall advise the Court when service will be effectuated, the reason why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

16. Whether any party wishes a scheduling conference prior to a scheduling order being entered in the case.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed.

The time for filing the Report may be extended only by court order. Any request for an extension should be made by telephone to Victoria Ericksen at (206) 370–8517.

If the parties wish to have a status conference with the Court at any time during the pendency of this action, such request should be directed to Victoria Ericksen at (206) 370–8517.

Minute Order Regarding Initial Disclosure, Joint Status Report, and Early Settlement – 3

### III. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy delivered by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or the plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed within ten (10) days of receipt of service of each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order

### IV. ALTERATIONS TO ELECTRONIC FILING PROCEDURES

As of June 1, 2004, counsel shall be required to electronically file all documents with the Court. Pro se litigants may file either electronically or in paper form. Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov.

The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Jones:

- Section III, Paragraph F: When the aggregate submittal to the Court (i.e., the motion, any declarations and exhibits, the proposed order, and the certificate of service) exceeds **50 pages** in length, a paper copy of the document (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office by 10:30 a.m. the morning after filing. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

- Section III, Paragraph L: Unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not email a copy of the order to the judge's email address.

### V. Early Settlement Consideration

When civil cases are settled early – before becoming costly and time consuming – all parties and the Court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated:

> [T]he major ADR–related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the _timing_ of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court−connected ADR services be provided as early, effectively, and economically as possibile in every suitable case." The steps required by this Order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall notify Victoria Ericksen at (206) 370−8517.

## VI. Sanctions

A failure by any party to comply fully with this Order may result in the imposition of sanctions.

DATED  February 16, 2011

       s/ Richard A. Jones   
United States District Judge